UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:10-00246 |
| | ) | JUDGE CAMPBELL |
| DERRICK BLACKWELL | ) | |

MEMORANDUM AND ORDER

I. Introduction

Pending before the Court are a letter from the Defendant regarding application of the recent Supreme Court decision in Johnson v. United States, 135 S.Ct. 2551 (2015) (Docket No. 46); a Supplemental Brief (Docket No. 49), filed by counsel for the Defendant; and the Government's Response (Docket No. 50).

II. Procedural Background

The Defendant pled guilty on March 19, 2012 to the charge in the Indictment of illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket Nos. 37, 38). At the subsequent sentencing hearing, the Court determined that the applicable sentencing guideline range was 91 to 115 months of imprisonment, based on a total offense level of 23 and a criminal history category of VI. (Docket Nos. 44, 45). The Court imposed a sentence of 103 months. (Id.)

III. Analysis

The Defendant requests that the Court apply the decision in Johnson to reduce his sentence. The Government argues that the Defendant must file an action under 28 U.S.C. § 2255

to seek the relief he requests, and alternatively, that he is not entitled to a reduction because his prior convictions were not considered "crimes of violence" based on the "residual clause" struck down in Johnson.

In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another. . .*

(Emphasis added). The Court's decision did not call into question the remainder of the Act's definition of "violent felony," nor did the Court address the Act's definition of "serious drug offense." 135 S. Ct. at 2563.

Based on the Supreme Court's decision in Johnson, the Sixth Circuit has vacated the sentences of defendants designated as Career Offenders based on the identically-worded portion of the definition of "crime of violence" set forth in the Career Offender Sentencing Guideline, Section 4B1.2(a)(2).[1] See, e.g., United States v. Harbin, 610 F. App'x 562, 2015 WL 4393889 (6th Cir. 2015). In Welch v. United States, 136 S.Ct. 1257 (2016), the Supreme Court held that the Johnson decision announced a substantive rule that applies retroactively on collateral review.

In this case, the Defendant's Base Offense Level under the Sentencing Guidelines was

---

[1] Section 4B1.2(a)(2) provides, in pertinent part, as follows, with the residual clause set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*
>
> (b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(Emphasis added).

3

determined, in part, in reliance on U.S.S.G. § 2K2.1(2), which provides as follows:

    (a) Base Offense Level (Apply the Greatest):

* * *

    (2) 24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. . .

Application Note 1 to the Guideline provides that the term "crime of violence" has the meaning given that term in § 4B1.2(a), which provides the definition for the term as it is used in the Career Offender Guideline, § 4B1.1. Thus, the Court will assume for present purposes that the Johnson decision applies to the provisions of Section 2K2.1. See, e.g., United States v. Goodwin, 625 Fed. Appx. 840 (10th Cir. Sept. 4, 2015)(Court notes that Section 4B1.2(a) supplies the controlling crime-of-violence definition for U.S.S.G. § 2K2.1, and concludes that, based on Johnson and government's concession, defendant should be re-sentenced without reliance on Section 4B1.2's "residual clause.")

    None of this authority applies to the Defendant's sentence, however, because his sentence did not implicate the "residual clause" definition of "crime of violence." Paragraph 13 of the Presentence Investigation Report indicates that the Defendant's Base Offense Level was based on the following prior convictions in Tennessee: (1) a June 27, 1996 conviction in Davidson County for Possession of .5 Grams or More of Cocaine With Intent To Sell; (2) a May 29, 1998 conviction in Davidson County for Aggravated Robbery; and (3) a January 8, 2009 conviction in Davidson County for Sale of Counterfeit Cocaine. Two of these convictions qualify as "controlled substance offenses," and are sufficient to trigger application of 2K2.1(a)(2). The

Johnson decision does not call into question the definition of "controlled substance offense" under the Career Offender guideline.

In any event, the Sixth Circuit has held that a prior conviction for Aggravated Robbery in Tennessee qualifies as a "crime of violence," without regard to the residual clause, because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." See, e.g., United States v. Gloss, 661 F.3d 317, 319 (6th Cir. 2011); United States v. Mitchell, 743 F.3d 1054, 1058-59 (6th Cir. 2014); United States v. Farrow, 574 Fed. Appx. 723, 732-33 (6th Cir. Aug. 6, 2014); United States v. Bailey, ___ Fed. Appx. ___, 2015 WL 4257103 (6th Cir. July 15, 2015)(Gloss holding that aggravated robbery is a violent felony under ACCA's elements (use-of-force) clause still controlling after Johnson).

Therefore, even if the Defendant were to raise this claim in an action brought under 28 U.S.C. § 2255, the claim would be without merit. Accordingly, the Defendant's request for a sentencing reduction based on Johnson is DENIED.

It is so ORDERED.

                                              _____
                                              TODD J. CAMPBELL
                                              UNITED STATES DISTRICT JUDGE